# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MICHAEL HARRINGTON,**

    **Plaintiff,**

                                                    Case No. 2:17-cv-736
                                                  Judge Algenon L. Marbley
    **v.**                                        Magistrate Judge Elizabeth P. Deavers

**DELTA CAREER EDUCATION
CORPORATION,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the failure of Defendants Delta Career Education Corporation and The Miami-Jacobs Business College Company, d/b/a Miami-Jacobs Career College (collectively, "Delta") to respond to the Court's Show Cause Order. (ECF No. 26.)

On March 6, 2018, the Court granted the motions to withdraw as counsel for Delta and directed the Clerk to mail a copy of the Order via regular and certified mail to Delta at the addresses listed on the Complaint. (ECF No. 22 at 1–2.) In the same Order, the Court specifically advised Delta that it could only proceed in this litigation through licensed counsel. (*Id*. at 2–3.) The Court also scheduled a status conference for April 6, 2018, ordered Delta to retain a trial attorney to appear on Delta's behalf, and warned that failure to appear through counsel at the status conference would result in the recommendation that default be entered against Delta and may ultimately result in default judgment against Delta. (*Id*. at 3.)

On April 6, 2018, Delta did not appear or otherwise attempt to move for continuance of the status conference. (ECF No. 27 at 1.) The Undersigned ordered Delta to show cause within fourteen days why the Court should not enter default against it for failure to appear and defend. (*Id*.) The Undersigned specifically advised Delta that default judgment could be entered against it if it failed to respond to the Show Cause Order. (*Id*.) The Undersigned further directed the Clerk to send a copy of the Order to Delta at the four addresses listed in the Complaint. (*Id*. at 2.)

To date, Delta has not responded to the Show Cause Order. Notably, the docket reflects that one of the copies of the Order dated April 6, 2018, mailed to The Miami-Jacobs Business College Company, d/b/a Miami-Jacobs Career College was returned to the Clerk as undeliverable, bearing the handwritten word "Refused" on the envelope. (ECF No. 28.) Under the present circumstances, it is therefore **RECOMMENDED** that the Court direct the Clerk to enter default against Defendants Delta Career Education Corporation and The Miami-Jacobs Business College Company, d/b/a Miami-Jacobs Career College and that, once default is entered, that Plaintiff be permitted to move for default judgment.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waiver.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: April 24, 2018                                        /s/ *Elizabeth A. Preston Deavers*
                                                                      ELIZABETH A. PRESTON DEAVERS
                                                                      UNITED STATES MAGISTRATE JUDGE