IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HARRINGTON, | : | |
| Plaintiff, | : | Case No. 2:17-cv-736 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Deavers |
| DELTA CAREER EDUCATION CORPORATION, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff Michael Harrington's Motion for Default Judgment against Defendant Jennifer Michael (ECF No. 26) and on the Magistrate Judge's April 24, 2018 Report and Recommendation (ECF No. 29). For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Default Judgment against Defendant Jennifer Michael (ECF No. 26) and **ADOPTS** the Report and Recommendation (ECF No. 29).

### I. BACKGROUND

On August 21, 2017, Mr. Harrington filed a Complaint against Defendants Delta Career Education Corporation d/b/a Miami-Jacobs Career College ("Delta"), the Miami-Jacobs Business College Company d/b/a Miami-Jacobs Career College ("Miami-Jacobs"), and Jennifer Michael. Ms. Michael was duly served a copy of Plaintiff's Complaint on September 1, 2017. (ECF No. 5). Ms. Michael's Answer to the Complaint was due on September 22, 2017. (*Id.*). At the time of filing this motion, Ms. Michael has not served an Answer to the Complaint nor has she requested an extension of time to answer or plead. (ECF No. 26). The Magistrate Judge thus issued an Order to Show Cause, requiring Plaintiff Harrington to show cause as to why the claims against Ms. Michael should not be dismissed for want of prosecution, unless Mr.

1

Harington applied for an entry of default from the Clerk. (ECF No. 23). In response to the show cause, Mr. Harrington filed a Motion for Default Judgment with the Court (ECF No. 26) but did not apply for an entry of default with the Clerk.

Delta and Miami-Jacobs (collectively, the "Miami-Jacobs Defendants") did respond to the Complaint by filing a Motion to Compel Mediation and Arbitration and Dismiss ("Motion to Dismiss") on September 22, 2017. (ECF No. 8). Subsequently, the Miami-Jacobs Defendants' counsel withdrew, and the Magistrate Judge advised them that they must obtain counsel. She further ordered them to obtain a trial attorney to appear at an April 6, 2018 status conference. (ECF No. 22). The Miami-Jacobs Defendants were warned that failure to appear through counsel at the status conference would result in the recommendation that default be entered against them. (*Id.*). On April 6, 2018, the Magistrate Judge issued an Order to Show Cause, directing the Miami-Jacobs Defendants to show cause why the Court should not enter default judgment for knowingly failing to comply with the Court's Order to obtain counsel or appear at the status conference as directed. (ECF No. 27). The show cause order was returned as "refused." (ECF No. 28). The Magistrate Judge then issued a Report and Recommendation on April 24, 2018, recommending that the Court direct the Clerk to enter default against the Miami-Jacobs Defendants and that, once default is entered, that the Plaintiff be permitted to move for default judgment. (ECF No. 29). The Miami-Jacobs Defendants acknowledged service of the Report and Recommendation on April 20, 2018 (ECF No. 31, 32) but have not objected.

## II. LAW & ANALYSIS

### A. Default Judgment against Jennifer Michael

Federal Rule of Civil Procedure 55(a) states that when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown

by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). To obtain a default judgment under Federal Rule of Civil Procedure 55(b), there must first be an entry of default under 55(a) with the Clerk. *See Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to obtaining a default judgment"). Federal Rule of Civil Procedure 12(a)(1)(A)(i) states that a defendant "must serve an answer within 21 days after being served with a complaint." Fed. R. Civ. P. 12(a).

Mr. Harrington is requesting an entry of default judgment against Ms. Michael for failing to respond to his Complaint and failing to ask for an extension. The Court agrees that Ms. Michael failed to serve her Answer or otherwise respond to the Complaint within the allotted time under Federal Rule of Civil Procedure 12 and thus default may be appropriate. Mr. Harrington, however, failed to first apply for entry of default with the Clerk, which is a necessary prerequisite to a Court's entry of default judgment. The Motion for Default Judgment against Jennifer Michael (ECF No. 26) is therefore **DENIED WITHOUT PREJUDICE**. Once Mr. Harrington applies for default with the Clerk and default is entered, Mr. Harrington may re-file a Motion for Default Judgment.

### B. Report and Recommendation

The Report and Recommendation recommending that this Court direct the Clerk to enter default against the Miami-Jacobs Defendants was mailed to the Miami-Jacobs Defendants on April 25, 2018. (ECF No. 29). Miami-Jacobs acknowledged service on April 30, 2018. (ECF No. 31). Delta acknowledged service on May 3, 2018 (ECF No. 32).[1] The Report and

---

[1] The Court notes that the Report and Recommendation was returned as undeliverable at some of the Miami-Jacobs Defendants' addresses, but service was acknowledged at one address for each Defendant.

Recommendation specifically advised the parties that the failure to object results in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. (ECF No. 29). The parties have failed to file any objections, and the deadline for objections (May 8, 2018) has lapsed. The Court therefore **ADOPTS** the Report and Recommendation (ECF No. 29) and **DIRECTS** the Clerk to enter default against Defendants Delta Career Education Corporation and The Miami-Jacobs Business College Company, d/b/a Miami-Jacobs Career College. Once default is entered, Plaintiff is permitted to move for default Judgment. Further, given the Court's decision to direct the Clerk to enter default, the Miami-Jacobs' Motion to Dismiss (ECF No. 8) is **MOOT**.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **DENIES WITHOUT PREJUDICE** the Motion for Default Judgment against Jennifer Michael (ECF No. 26). Mr. Harrington is free to apply for entry of default with the Clerk and then re-file a motion for entry of default judgment with this Court. The Magistrate Judge's Report and Recommendation (ECF No. 29) is hereby **ADOPTED** and the Clerk is **DIRECTED** to enter default against Defendants Delta Career Education Corporation and The Miami-Jacobs Business College Company, d/b/a Miami-Jacobs Career College, after which time Plaintiff may move for default judgment against them. The Motion to Dismiss (ECF No. 8) is hereby **MOOT**.

**IT IS SO ORDERED.**

                                               **s/ Algenon L. Marbley**
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: June 22, 2018**