# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HARRINGTON, | : |
| | : Case No. 2:17-cv-736 |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| DELTA CAREER EDUCATION | : Magistrate Judge Deavers |
| CORPORATION, *et al.*, | : |
| | : |
| Defendant. | : |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment against Delta Career Education Corporation (ECF No. 41) and Plaintiff's Motion for Default Judgment against Jennifer Michael (ECF No. 46). Plaintiff has successfully applied to the Clerk for Entry of Default as to both Defendants, and the Clerk has so entered. (ECF Nos. 38, 45). Plaintiff now requests this Court enter an order of default judgment.

Federal Rule of Civil Procedure 55(a) provides that when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). To obtain a default judgment under Federal Rule of Civil Procedure 55(b), there must first be an entry of default under 55(a) with the Clerk. *See Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to obtaining a default judgment"). Federal Rule of Civil Procedure 12(a)(1)(A)(i) states that a defendant "must serve an answer within 21 days after being served with a complaint." Fed. R. Civ. P. 12(a).

The procedural history of this case is recited in this Court's earlier Order Adopting Report and Recommendations. (ECF No. 37). In that Order, this Court also denied without prejudice the Plaintiff's earlier Motion for Default Judgment. At that time, the Motion was denied because Plaintiff failed to first apply for entry of default with the Clerk. (ECF No. 37 at 3). This time, Plaintiff has properly applied for entry of default and, as above, the Clerk has so entered. As a result, this Court hereby **GRANTS** Plaintiff's Motions for Entry of Default Judgment.

However, although Plaintiff alleges he was injured by Defendants' actions and requests damages, including, "*inter alia*, injunctive relief, backpay, compensatory damages, attorneys' fees and costs, and an aware of such other relief as this Court may deem necessary and proper," he has not presented this Court with information upon which this Court could determine the amount of damages. As a result, this Court **ORDERS** Plaintiff to submit a motion to the Court setting forth evidence of the amount of damages to allow the court to "ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, 2010 WL 2572713 (E.D. Mich. 2010).

**IT IS SO ORDERED.**

                                                     ___s/Algenon L. Marbley_____
                                                   **ALGENON L. MARBLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

**DATED: February 28, 2019**